CARROLL, Judge
(dissenting).
I respectfully dissent. When the county employee had been dismissed for cause on stated grounds, he was not entitled to be reinstated and receive back pay in the absence of a successful appeal resulting in a *646 determination on the merits that basis for dismissal did not exist.
Here, upon the hearing of his appeal before a hearing examiner, the ruling of the latter was against the employee on the merits of his appeal, with recommendation that his dismissal be sustained. On the employee’s petition for certiorari the court properly recognized that because the decision or recommendation of the examiner was not supported by findings of fact, as required, there was a want of due process, and the court granted the county’s motion that the matter be remanded to permit the examiner to prepare and include findings of fact.
The fact that the appeal examiner died before the proceedings required of him upon such an appeal could be completed should not automatically result in the appeal being held to have terminated on the merits in favor of the employee and to entitle the dismissed employee to reinstatement.
The dismissal of the employee for alleged cause was an authorized administrative action of the county. The employee was and is entitled to due process appeal. He may not ask for more. The fact that the examiner died prior to the end of the proceedings necessary to be taken by him in the appeal was no reason for not according the employee another complete appeal. For example, if the examiner had died at an early stage of the appeal proceedings before him, such as during the testimony of the first witness, his demise would not have operated to entitle the employee to reinstatement, or to have resolved the appeal in favor of either of the parties thereto. Obviously, in such circumstance, the appeal would be required to proceed de novo before another examiner. In this instance, where the death of the examiner occurred after proceedings had been held before him but before he had made a decision or report with findings of fact as required, the result should be the same. The county, as well as the employee, is entitled to due process of law.
The fact that there may have been considerable delay in the proceedings was no reason for determining the matter in favor of the employee on the merits, and contrary to the apparent outcome of the appeal, incomplete though it was. Regardless of the delay, if the dismissal is ultimately held to have, been proper the lapse of time would be immaterial to the dismissed employee. Likewise, if the employee should prevail on an appeal before another appeals examiner and be reinstated, the delay which shall have occurred would not adversely affect him, because in addition to reinstatement he would be entitled to receive back pay for such interval of delay.
For the reasons stated, in my opinion it was error to order reinstatement of the employee, and this court should reverse, and direct that the employee’s appeal be processed before another appeals examiner.